Ivan Joseph SCHUSTER, Appellant,

v.

The STATE of Texas, State.

No. 2–92–124–CR.

Court of Appeals of Texas,
Fort Worth.

May 5, 1993.

Andrew Ottaway, Granbury, for appellant.

Richard L. Hattox, Dist. Atty., Granbury, for State.

Before HILL, C.J., and FARRIS and DAY, JJ.

## OPINION

DAY, Justice.

Ivan Joseph Schuster appeals his conviction of indecency with a child. TEX.PENAL CODE ANN. § 21.11 (Vernon 1989). The jury assessed punishment at fifteen years confinement and a $3,500 fine.

We affirm.

In his sole point of error, Schuster complains the trial court improperly determined Mary Hutton, a psychologist, was the outcry witness in this case.

The State called three witnesses to prove its case at the guilt/innocence phase of trial: Hutton; the complainant (A.K.); and A.K.'s mother, Joy Treadway. Hutton, a psychologist, was called first.

Outside the jury's presence, Hutton testified that she interviewed A.K. at the request of Treadway "because of her [Treadway's] allegation of sexual abuse on [A.K.]." On cross-examination, Hutton stated: "According to [A.K.] she did not make a statement to her mother with any—any—any name attached. As far as I know [A.K.] came to me and was the first—I was the first person she told directly about the incident to."

Defense counsel then objected to the State's use of Hutton as the outcry witness in this case, and the trial court overruled the objection. On appeal, Schuster contends Treadway should have been designated as the outcry witness because she was the first person over age 18 that A.K. told about the incident.

Several other excerpts from the record are also pertinent to the outcry witness issue. A.K. testified as follows:

Q. [A.K.], why didn't you tell your mother?

A. Because the first time I told her I got grounded, and I didn't want to get grounded again.

Q. You just kept it to yourself. Do you remember talking to Ms. Hutton, Mary Hutton?

A. Yes.

Q. Is she the first person, first grown-up that you told it had happened, what happened, and how it went on?

A. I told my mom first, and then she took me to Ms. Hutton.

. . . .

Q. And the last episode you talked about how long was it before you told Ms. Hutton? From the last one to the time you told Ms. Hutton can you give me an idea about how long it was?

A. It was about two weeks, two-and-a-half weeks. Because the last time it happened was like a week before they put him in jail.

Q. Then you told Ms. Hutton?

A. I told my mother first, and then I told Ms. Hutton.

Q. Did you tell your mother everything that happened or just that something had gone on?

A. I believe I told her that he had touched me.

[DEFENSE COUNSEL]: I'm sorry, I didn't hear that?

A. I told her that he had touched me.

. . . .

Q. Did you tell Ms. Hutton that she was the very first person that you told about this?

A. No. My mother was the very first person but I didn't tell her, you know.

Q. Now, did you tell Ms. Hutton that you hadn't talked to anybody about this before?

A. I told her—I told her I hadn't talked to anybody about this before except my mother.

Later, A.K.'s mother testified:

Q. When she told you, what precipitated her telling you, what caused her to come to you, do you know?

A. Ike was arrested on Thursday night.

Q. Did you talk to [A.K.] about that?

A. Friday morning I told her. I said, "If something has gone on. If something has happened I have to know about it, [A.K.]. We have to deal with it." And she called me that same day at work, Friday afternoon, and told me. She was crying. She was upset. And she said Ike had touched her.

Q. Did she give you any of the details?

A. That is all she—she was so upset that is all she told me.

. . . .

Q. Mrs. Treadway, did you then contact the authorities?

A. Yes. I left work and I went down and talked to Randy, the police chief, because it was late and told him.

Q. How long was it then before your child saw Ms. Hutton?

A. The next day, Saturday.

Tex.Code Crim.Proc.Ann. art. 38.072 (Vernon Supp.1993) (the outcry statute) provides for the admission of hearsay testimony in the prosecution of an offense committed against a child twelve years of age or younger. *See id.* § 1. The outcry statue applies only to statements that *describe the alleged offense* that: (1) were made by the child against whom the offense was allegedly committed; and (2) were made to the *first person,* 18 years of age or older, other than the defendant, to whom the child made a *statement about the offense.*[1] Article 38.072 § 2(a).

The Court of Criminal Appeals has interpreted the portion of the statute highlighted above to mean that the outcry witness:

> must be the first person, 18 years old or older, to whom the child makes a statement that in some discernible manner describes the alleged offense.... [T]he statement must be more than words which give a general allusion that something in the area of child abuse was going on.... [T]he societal interest in curbing child abuse would hardly be served if all th[e] "first person" had to testify to was a general allegation from the child that something in the area of child abuse was going on.... The statute demands more than a general allegation of sexual abuse.

> . . . .

> In order to be designated as the outcry witness by the trial court, one element that must be clearly shown by the evidence is that the victim described the offense to that witness.

*Garcia v. State,* 792 S.W.2d 88, 91 (Tex. Crim.App.1990).

The trial court has broad discretion in determining who is the outcry witness. *Id.* at 92. Absent a clear abuse of discretion established by the record, the trial court's decision will not be disturbed. *Id.*

In the instant case, both A.K. and her mother testified that A.K. told her mother Schuster had touched her before A.K. talked to Hutton about the offense. Neither A.K. nor Treadway testified that A.K. said anything further to her mother, however. On the contrary, Treadway testified "she was so upset[,] that is all she told me."

We believe the trial judge could have reasonably determined from this testimony that A.K.'s statement to her mother was merely a general allusion that something in the area of child abuse was going on rather than a clear description of the offense. Accordingly, we find the trial court did not abuse its discretion in determining that Hutton was the outcry witness, as contemplated by article 38.072. *See also Dorado v. State,* 824 S.W.2d 794, 794–95 & n. 1 (Tex.App.—El Paso), *vacated on other grounds,* 843 S.W.2d 37 (Tex.Crim.App. 1992).

We overrule Schuster's point of error. The trial court's judgment is affirmed.

---

**1.** Unless otherwise noted herein, all emphasis is supplied by the author.