PHIFER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-238-CR

BRIAN DAVID PHIFER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Brian David Phifer was convicted by a jury of four counts of  indecency with a child. 
 
See
 Tex. Penal Code Ann.
 § 21.11 (Vernon 2003).  The jury then assessed punishment on each count at three years’ confinement, which the trial court ordered to run consecutively.  Six points are presented on appeal:  (1) whether the trial court erred when it excluded  proffered expert testimony concerning the victim’s state of mind; (2) whether the trial court erred in permitting the State to introduce evidence of the victim’s outcry; (3) whether the trial court erred in permitting the introduction of hearsay evidence under the excited utterance exception; (4) whether the trial court improperly excluded relevant exculpatory evidence; (5) whether appellant received ineffective assistance of counsel; and (6) whether the evidence is legally insufficient to support the verdict.

We begin by addressing appellant’s legal sufficiency challenge in point six.  Around 11:00 p.m. on  November 5, 1999, Chris Butterworth, a police patrol officer employed by the City of Lewisville, was dispatched to appellant’s residence on Overlook Drive in Lewisville, after the police department received a phone call reporting that appellant had engaged in sexual contact with his adopted daughter, S.P.  At the time of trial, S.P. was eleven years old.  

As Butterworth exited his patrol car following his arrival at the residence he activated a microcassette recorder.  The audio record of his conversation with appellant and appellant’s wife, Cathy Phifer, was introduced as an exhibit and played to the jury at trial.  The evidence showed appellant answered the door, invited Butterworth inside, and, following a conversation in which Cathy detailed how she had witnessed appellant touching her daughter in the area of her vagina, appellant admitted committing the offenses.  In pertinent part, the audiotape recorded the following conversation:

Officer:  Okay.  So what’s your . . . Hello ma’am. I’m Officer Butterworth with the Lewisville Police Department.

Cathy Phifer:  Cathy Phifer

Officer:  Okay, why don’t you go on and have a seat over here for me.

Cathy Phifer:  [inaudible]

Officer:  Who wants to start?

Cathy Phifer:  Well, um, Brian, I guess you could tell him.

[Appellant]:  Yeah.

Officer:  Oh, okay.

[Appellant]:  No you go head.

Cathy Phifer:  Um, well, this morning I, I uh, I got up, and Brian was in my daughter’s room . . . . 

Officer:  Okay.  Brian here? Okay.

Cathy Phifer:  And I couldn’t believe it, he was touching her inappropriately.

Officer:  Okay, and how is inappropriately?

Cathy Phifer:  Her vaginal area.

Officer:  Okay.  How was he touching her?  With his hands?

Cathy Phifer:  Uh Huh.

Officer:  Okay, was she asleep or awake?

[Appellant]:  She was awake.

Cathy Phifer:  No, she was asleep.

Officer:  Okay, was she clothed or was she undressed?

Cathy Phifer:  She was clothed.

Officer:  She was clothed, okay.

Cathy Phifer:  Yes, her pajamas and her panties.

Officer:  Was his hand inside the panties or on the outside?

Cathy Phifer:  Outside.

Officer:  Outside, okay.  Brian?

Cathy Phifer:  And I could barely believe it.

Officer:  
Okay, is that pretty accurate as to what happened?

[Appellant]:  
Yeah.

Officer: 
 Okay, how long has this been going on?

[Appellant]:  
Six to eight months.
  [Emphasis added.]

At trial appellant admitted that the voice on the audio microcassette was his, but he testified he did not recall making the incriminating statements referenced above.  In addition to these statements, appellant also told Butterworth that the incidents had occurred “[m]aybe two or three times a week,” or “sometimes once a week” over the “last six to eight months.”  Cathy later related to a Child Protective Services social worker that appellant described that on more than one occasion he made S.P. rub his penis with her hands.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to
 the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

We hold this sufficiency standard was met by the State through the introduction of the evidence reviewed above.  Appellant improperly requests us to ignore appellant’s incriminating statements on the audiotape as well as S.P.’s outcry to Child Protective Services in our legal sufficiency review because of his contention in other points on appeal that this testimony was improperly admitted over his objection.  The Texas Court of Criminal Appeals has stressed that sufficiency challenges are to be reviewed by looking at all of the evidence admitted, without regard to whether the admission of the evidence was proper or improper. 
 Rodriquez v. State
, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991).  Therefore, we overrule point six.

In point one appellant alleges the trial court erred in refusing to permit the introduction of expert testimony on the issue of whether S.P. should have been tested to determine whether she exhibited symptoms of a reactive detachment disorder.  We review a trial court’s decision to admit or exclude scientific expert testimony under an abuse of discretion standard.
  Sexton v. State
, 93 S.W.3d 96, 99 (Tex. Crim. App. 2002).  If the trial court’s ruling is within the zone of reasonable disagreement, then it will be upheld.  
Id
.  Rule of evidence 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Tex. R. Evid.
 702.

During a hearing outside the presence of the jury, defense counsel was permitted to question Dr. Michael Gottlieb, a Dallas-area psychologist, on his concern that the mental health care providers who treated S.P. had diagnosed her as having an attention deficit hyperactivity disorder, adjustment disorder, and possible post-traumatic stress disorder, but did not appear to have considered the possibility that S.P. might additionally suffer from reactive attachment disorder, a condition under which children are likely to get details of events confused and out of order because of an inability to remember events in sequence.  Dr. Gottlieb repeatedly admitted that he was not in a position to diagnose S.P. because he had never treated her.  The most he could say was that in order to properly evaluate S.P. to determine whether she had a reactive attachment disorder he would “certainly want to spend a good deal of time with her, both in observation, a clinical interview, as well as psychological testing.” The trial court excluded the proffered testimony on the ground that it was not relevant:

[T]his witness testified that he was not in a position to diagnose this child.  Those are his exact words.  I wrote them down as he said them.  He cannot diagnose her as having reactive attachment disorder. And, therefore, he is asking the jury to apply something to this witness that may not even be applicable.

Under its gatekeeper function, the trial court was authorized to exclude evidence that would not assist the trier of fact in determining a fact in issue.
 
See
 Tex. R. Evid.
 702.  Because the trial court’s ruling was not outside the zone of reasonable disagreement, we cannot say the trial court abused its discretion in concluding the proffered testimony of Dr. Gottlieb was not relevant.
  Point one is overruled.

In point two, appellant alleges the trial court erred in permitting the State to designate Dawn Todd, a social worker with Denton County Child Protective Services, as its article 38.072 outcry witness for the introduction of out-of-court statements made by S.P. following the offenses, offered for the proof of the matters asserted.  His specific complaint is that the first person over the age of eighteen that S.P. made an outcry to was her mother, not Ms. Todd.

In pertinent part, article 38.072 allows for the introduction of hearsay statements of a child abuse victim under the age of twelve to the first person, eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense. 
 Tex. Code Crim. Proc. Ann.
 art. 38.072, §§ 1-2 (Vernon Supp. 2003).  The record reflects that while S.P. made a general outcry to her mother, the first person to whom she provided details about the incidents was Ms. Todd.  Trial courts have broad latitude in determining the proper outcry witness in the prosecution of offenses committed against children twelve years of age and younger, and their rulings are not to be disturbed absent an abuse of discretion.  
Sims v. State
, 12 S.W.3d 499, 500 (Tex. App.—Dallas 1999, pet. ref’d).  Here, the trial court’s determination that Ms. Todd was the proper outcry witness because she was the first person over the age of eighteen to whom S.P. provided details of the assaults was a decision that fell squarely within the trial court’s discretion.  
See Schuster v. State
, 852 S.W.2d 766, 768 (Tex. App.—Fort Worth 1993, pet. ref’d)
. 
 Point two is overruled.

In point three, appellant contends statements made by Cathy Phifer, appellant’s wife, to Officer Butterworth and her friends, Cynthia Holbrook and Michael Holbrook, were improperly admitted under the excited utterance hearsay exception.  The statements in question were made by Cathy Phifer on the same day she witnessed appellant committing the offense against S.P.  Her emotional state that day was described as “real shaky” and “choked up,” with red, teary eyes and a look of disbelief or shock, and unable to deal with her emotions.  We hold that given this predicate information, the trial court’s decision permitting the introduction of the challenged statements fell within the excited utterance exception, which permits the introduction of statements relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition, and did not constitute an abuse of discretion.  
See 
Tex. R. Evid. 
803(2); 
see also Bondurant v. State
, 956 S.W.2d 762, 765 (Tex. App.—Fort Worth 1997, pet. ref’d) (noting the general rule that no single rigid principle governs the admissibility of statements under the excited utterance rule).

Moreover, the evidence that appellant admitted to Officer Butterworth that the statements Cathy Phifer made were true and that the Holbrooks overheard the admission, made the statements admissible as nonhearsay under rule 801(e)(2)(B), as statements offered against appellant under circumstances where appellant had specifically manifested an adoption or belief in their truth. 
 
Tex. R. Evid. 
801(e)(2)(B).  Point three is overruled.

In point four, appellant complains of the trial court’s exclusion of various  evidence regarding S.P.’s past behavior problems, prior sexual abuse suffered by appellant’s wife, and prior promiscuity by, and sexual abuse of, S.P.  As in  our analysis of point one, the trial court’s decision excluding evidence is reviewed under an abuse of discretion standard. 
 See Torres v. State
, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002).  

With respect to appellant’s contention that the trial court was required to admit evidence of S.P.’s prior promiscuity and possible sexual abuse to assess the truthfulness of her outcry statement, we agree with the State’s position that past sexual behavior and abuse is not proper evidence on which to challenge S.P.’s truthfulness because it is not relevant to appellant’s defense.  
See 
Tex. Penal Code Ann. § 21.11
;
 Tex. R. Evid. 
608;
 
see also Holt v. State
, 912 S.W.2d 294, 301 (Tex. App.—San Antonio, 1995, pet. ref’d).  Similarly, the trial court acted within its authority in concluding that evidence that appellant’s wife had been sexually abused in the past is not relevant to the issue of whether S.P. had been sexually abused by appellant.  Finally, we note that the trial court permitted appellant to introduce evidence that S.P. was untruthful and that she had a reputation in the community for being untruthful.  Point four is overruled.

In point five, appellant contends he received ineffective assistance of counsel when his trial counsel failed to object to the audio recording made by Officer Butterworth after he was dispatched to appellant’s home on the evening of November 5, 1999.  Appellant’s specific complaint is that counsel should have moved to suppress appellant’s oral admissions because the procedural requirements for statements obtained during custodial interrogations were not complied with.  We agree with the State that appellant’s premise is faulty; the testimony clearly established that the statement was not the result of custodial interrogation and that Officer Butterworth was merely conducting a  preliminary investigation at the time appellant’s incriminating oral admission was made.  The procedural rules required for statements taken by police authorities do not apply unless the statements are made during the course of a custodial interrogation. 
 Tex. Code Crim. Proc. Ann.
 art. 38.22 (Vernon 1979 & Supp. 2003).  Point five is overruled. The trial court’s judgment is affirmed.

PER CURIAM

PANEL F: DAVID L. RICHARDS, J. (Sitting by Assignment); DAY and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  August 29, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.