COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-238-CR
 
BRIAN DAVID PHIFER           
           
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS       
           
           
           
           
           
    STATE
 
------------
FROM THE 367
TH DISTRICT COURT OF DENTON
COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Brian David Phifer was
convicted by a jury of four counts of indecency with a child. See Tex.
Penal Code Ann. § 21.11 (Vernon 2003). The jury then assessed punishment on
each count at three years' confinement, which the trial court ordered to run
consecutively. Six points are presented on appeal: (1) whether the trial court
erred when it excluded proffered expert testimony concerning the victim's state
of mind; (2) whether the trial court erred in permitting the State to introduce
evidence of the victim's outcry; (3) whether the trial court erred in permitting
the introduction of hearsay evidence under the excited utterance exception; (4)
whether the trial court improperly excluded relevant exculpatory evidence; (5)
whether appellant received ineffective assistance of counsel; and (6) whether
the evidence is legally insufficient to support the verdict.
We begin by addressing appellant's
legal sufficiency challenge in point six. Around 11:00 p.m. on November 5, 1999,
Chris Butterworth, a police patrol officer employed by the City of Lewisville,
was dispatched to appellant's residence on Overlook Drive in Lewisville, after
the police department received a phone call reporting that appellant had engaged
in sexual contact with his adopted daughter, S.P. At the time of trial, S.P. was
eleven years old.
As Butterworth exited his patrol
car following his arrival at the residence he activated a microcassette
recorder. The audio record of his conversation with appellant and appellant's
wife, Cathy Phifer, was introduced as an exhibit and played to the jury at
trial. The evidence showed appellant answered the door, invited Butterworth
inside, and, following a conversation in which Cathy detailed how she had
witnessed appellant touching her daughter in the area of her vagina, appellant
admitted committing the offenses. In pertinent part, the audiotape recorded the
following conversation:

        
 Officer: Okay. So what's your . . . Hello ma'am. I'm Officer Butterworth with
 the Lewisville Police Department.
        
 Cathy Phifer: Cathy Phifer
        
 Officer: Okay, why don't you go on and have a seat over here for me.
        
 Cathy Phifer: [inaudible]
        
 Officer: Who wants to start?
        
 Cathy Phifer: Well, um, Brian, I guess you could tell him.
        
 [Appellant]: Yeah.
        
 Officer: Oh, okay.
        
 [Appellant]: No you go head.
        
 Cathy Phifer: Um, well, this morning I, I uh, I got up, and Brian was in my
 daughter's room . . . .
        
 Officer: Okay. Brian here? Okay.
        
 Cathy Phifer: And I couldn't believe it, he was touching her inappropriately.
        
 Officer: Okay, and how is inappropriately?
         Cathy
 Phifer: Her vaginal area.
        
 Officer: Okay. How was he touching her? With his hands?
        
 Cathy Phifer: Uh Huh.
        
 Officer: Okay, was she asleep or awake?
        
 [Appellant]: She was awake.
        
 Cathy Phifer: No, she was asleep.
        
 Officer: Okay, was she clothed or was she undressed?
        
 Cathy Phifer: She was clothed.
        
 Officer: She was clothed, okay.
        
 Cathy Phifer: Yes, her pajamas and her panties.
        
 Officer: Was his hand inside the panties or on the outside?
        
 Cathy Phifer: Outside.
        
 Officer: Outside, okay. Brian?
        
 Cathy Phifer: And I could barely believe it.
        
 Officer: Okay, is that pretty accurate as to what happened?
        
 [Appellant]: Yeah.
        
 Officer: Okay, how long has this been going on?
        
 [Appellant]: Six to eight months. [Emphasis added.]
  

At trial appellant admitted that
the voice on the audio microcassette was his, but he testified he did not recall
making the incriminating statements referenced above. In addition to these
statements, appellant also told Butterworth that the incidents had occurred
"[m]aybe two or three times a week," or "sometimes once a
week" over the "last six to eight months." Cathy later related to
a Child Protective Services social worker that appellant described that on more
than one occasion he made S.P. rub his penis with her hands.
In reviewing the legal sufficiency
of the evidence to support a conviction, we view all the evidence in the light
most favorable to the verdict in order to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979); Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).
This standard gives full play to the responsibility of the trier of fact to
resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts. Jackson, 443
U.S. at 319, 99 S. Ct. at 2789. When performing a legal sufficiency review, we
may not sit as a thirteenth juror, re-evaluating the weight and credibility of
the evidence and, thus, substituting our judgment for that of the fact finder. Dewberry
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied,
529 U.S. 1131 (2000).
We hold this sufficiency standard
was met by the State through the introduction of the evidence reviewed above.
Appellant improperly requests us to ignore appellant's incriminating statements
on the audiotape as well as S.P.'s outcry to Child Protective Services in our
legal sufficiency review because of his contention in other points on appeal
that this testimony was improperly admitted over his objection. The Texas Court
of Criminal Appeals has stressed that sufficiency challenges are to be reviewed
by looking at all of the evidence admitted, without regard to whether the
admission of the evidence was proper or improper. Rodriquez v. State,
819 S.W.2d 871, 873 (Tex. Crim. App. 1991). Therefore, we overrule point six.
In point one appellant alleges the
trial court erred in refusing to permit the introduction of expert testimony on
the issue of whether S.P. should have been tested to determine whether she
exhibited symptoms of a reactive detachment disorder. We review a trial court's
decision to admit or exclude scientific expert testimony under an abuse of
discretion standard. Sexton v. State, 93 S.W.3d 96, 99 (Tex. Crim. App.
2002). If the trial court's ruling is within the zone of reasonable
disagreement, then it will be upheld. Id. Rule of evidence 702
provides:

        
 If scientific, technical, or other specialized knowledge will assist the trier
 of fact to understand the evidence or to determine a fact in issue, a witness
 qualified as an expert by knowledge, skill, experience, training, or
 education, may testify thereto in the form of an opinion or otherwise.

Tex. R. Evid. 702.
During a hearing outside the
presence of the jury, defense counsel was permitted to question Dr. Michael
Gottlieb, a Dallas-area psychologist, on his concern that the mental health care
providers who treated S.P. had diagnosed her as having an attention deficit
hyperactivity disorder, adjustment disorder, and possible post-traumatic stress
disorder, but did not appear to have considered the possibility that S.P. might
additionally suffer from reactive attachment disorder, a condition under which
children are likely to get details of events confused and out of order because
of an inability to remember events in sequence. Dr. Gottlieb repeatedly admitted
that he was not in a position to diagnose S.P. because he had never treated her.
The most he could say was that in order to properly evaluate S.P. to determine
whether she had a reactive attachment disorder he would "certainly want to
spend a good deal of time with her, both in observation, a clinical interview,
as well as psychological testing." The trial court excluded the proffered
testimony on the ground that it was not relevant:

        
 [T]his witness testified that he was not in a position to diagnose this child.
 Those are his exact words. I wrote them down as he said them. He cannot
 diagnose her as having reactive attachment disorder. And, therefore, he is
 asking the jury to apply something to this witness that may not even be
 applicable.

Under its gatekeeper function, the
trial court was authorized to exclude evidence that would not assist the trier
of fact in determining a fact in issue. See Tex. R. Evid. 702. Because
the trial court's ruling was not outside the zone of reasonable disagreement, we
cannot say the trial court abused its discretion in concluding the proffered
testimony of Dr. Gottlieb was not relevant. Point one is overruled.
In point two, appellant alleges the
trial court erred in permitting the State to designate Dawn Todd, a social
worker with Denton County Child Protective Services, as its article 38.072
outcry witness for the introduction of out-of-court statements made by S.P.
following the offenses, offered for the proof of the matters asserted. His
specific complaint is that the first person over the age of eighteen that S.P.
made an outcry to was her mother, not Ms. Todd.
In pertinent part, article 38.072
allows for the introduction of hearsay statements of a child abuse victim under
the age of twelve to the first person, eighteen years of age or older, other
than the defendant, to whom the child made a statement about the offense. Tex.
Code Crim. Proc. Ann. art. 38.072, §§ 1-2 (Vernon Supp. 2003). The record
reflects that while S.P. made a general outcry to her mother, the first person
to whom she provided details about the incidents was Ms. Todd. Trial courts have
broad latitude in determining the proper outcry witness in the prosecution of
offenses committed against children twelve years of age and younger, and their
rulings are not to be disturbed absent an abuse of discretion. Sims v. State,
12 S.W.3d 499, 500 (Tex. App.--Dallas 1999, pet. ref'd). Here, the trial court's
determination that Ms. Todd was the proper outcry witness because she was the
first person over the age of eighteen to whom S.P. provided details of the
assaults was a decision that fell squarely within the trial court's discretion. See
Schuster v. State, 852 S.W.2d 766, 768 (Tex. App.--Fort Worth 1993, pet.
ref'd). Point two is overruled.
In point three, appellant contends
statements made by Cathy Phifer, appellant's wife, to Officer Butterworth and
her friends, Cynthia Holbrook and Michael Holbrook, were improperly admitted
under the excited utterance hearsay exception. The statements in question were
made by Cathy Phifer on the same day she witnessed appellant committing the
offense against S.P. Her emotional state that day was described as "real
shaky" and "choked up," with red, teary eyes and a look of
disbelief or shock, and unable to deal with her emotions. We hold that given
this predicate information, the trial court's decision permitting the
introduction of the challenged statements fell within the excited utterance
exception, which permits the introduction of statements relating to a startling
event or condition made while the declarant was under the stress of excitement
caused by the event or condition, and did not constitute an abuse of discretion.
See Tex. R. Evid. 803(2); see also Bondurant v. State, 956
S.W.2d 762, 765 (Tex. App.--Fort Worth 1997, pet. ref'd) (noting the general
rule that no single rigid principle governs the admissibility of statements
under the excited utterance rule).
Moreover, the evidence that
appellant admitted to Officer Butterworth that the statements Cathy Phifer made
were true and that the Holbrooks overheard the admission, made the statements
admissible as nonhearsay under rule 801(e)(2)(B), as statements offered against
appellant under circumstances where appellant had specifically manifested an
adoption or belief in their truth. Tex. R. Evid. 801(e)(2)(B). Point three is
overruled.
In point four, appellant complains
of the trial court's exclusion of various evidence regarding S.P.'s past
behavior problems, prior sexual abuse suffered by appellant's wife, and prior
promiscuity by, and sexual abuse of, S.P. As in our analysis of point one, the
trial court's decision excluding evidence is reviewed under an abuse of
discretion standard. See Torres v. State, 71 S.W.3d 758, 760 (Tex.
Crim. App. 2002).
With respect to appellant's
contention that the trial court was required to admit evidence of S.P.'s prior
promiscuity and possible sexual abuse to assess the truthfulness of her outcry
statement, we agree with the State's position that past sexual behavior and
abuse is not proper evidence on which to challenge S.P.'s truthfulness because
it is not relevant to appellant's defense. See Tex. Penal Code Ann. §
21.11; Tex. R. Evid. 608; see also Holt v. State, 912 S.W.2d 294, 301
(Tex. App.--San Antonio, 1995, pet. ref'd). Similarly, the trial court acted
within its authority in concluding that evidence that appellant's wife had been
sexually abused in the past is not relevant to the issue of whether S.P. had
been sexually abused by appellant. Finally, we note that the trial court
permitted appellant to introduce evidence that S.P. was untruthful and that she
had a reputation in the community for being untruthful. Point four is overruled.
In point five, appellant contends
he received ineffective assistance of counsel when his trial counsel failed to
object to the audio recording made by Officer Butterworth after he was
dispatched to appellant's home on the evening of November 5, 1999. Appellant's
specific complaint is that counsel should have moved to suppress appellant's
oral admissions because the procedural requirements for statements obtained
during custodial interrogations were not complied with. We agree with the State
that appellant's premise is faulty; the testimony clearly established that the
statement was not the result of custodial interrogation and that Officer
Butterworth was merely conducting a preliminary investigation at the time
appellant's incriminating oral admission was made. The procedural rules required
for statements taken by police authorities do not apply unless the statements
are made during the course of a custodial interrogation. Tex. Code Crim. Proc.
Ann. art. 38.22 (Vernon 1979 & Supp. 2003). Point five is overruled. The
trial court's judgment is affirmed.
 
          
           
           
           
           
           
PER CURIAM
 
PANEL F: DAVID L. RICHARDS, J. (Sitting by
Assignment); DAY and DAUPHINOT, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 29, 2003

1. See Tex. R. App. P. 47.4.