COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

NO. 
2-02-304-CV

IN THE MATTER OF C.D.G. 
 
------------
 
FROM THE 
323RD DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
I. INTRODUCTION 
        The trial court adjudicated eleven-year-old appellant C.D.G. delinquent for 
aggravated sexual assault and placed him on two years’ probation. In two 
points, appellant complains that the charging instrument is fundamentally 
defective and that the trial court erred by admitting hearsay evidence that did 
not qualify as outcry testimony. We affirm. 
 
II. DEFECTS IN PETITION 
        In his second point, appellant claims that the State's petition is 
fundamentally defective because it fails to allege that appellant acted with the 
specific intent “to arouse or gratify the sexual desire of any person” when 
committing aggravated sexual assault. The elements of the offense of 
aggravated sexual assault applicable here are: a person commits an offense if 
the person (1) intentionally or knowingly (2) causing the anus of a child under 
the age of fourteen (3) to contact the sexual organ of another person, including
the actor. Tex. Penal Code Ann. § 22.021(a)(1)(B)(iv), (a)(2)(B) (Vernon 2003). 
The specific intent appellant asserts is not a required element of the offense of 
aggravated sexual assault and need not be alleged. Buckner v. State, 719 
S.W.2d 644, 647 (Tex. App.–Fort Worth 1986, pet. ref’d); Pierce v. State, 733 
S.W.2d 314, 319 (Tex. App.–Tyler 1987, no pet.). We overrule appellant's 
second point.III. OUTCRY TESTIMONY
        In his first point, appellant complains that the trial court erred in admitting 
the alleged outcry testimony of Mary Hammer, a Child Protective Services 
Investigator. Specifically, appellant contends that the trial court erred in 
determining that Hammer was the outcry witness in this case because the 
complainant, A.G., spoke to two other witnesses before Hammer. The trial 
court possesses broad discretion in determining who the proper outcry witness 
is. Schuster v. State, 852 S.W.2d 766, 768 (Tex. App.–Fort Worth 1993, pet. 
ref’d.) (citing Garcia v. State, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990)). 
Moreover, a trial court’s decision regarding an outcry witness is not to be 
disturbed absent the establishment of a clear abuse of discretion. Id. A trial 
court’s ruling constitutes an abuse of discretion only when it is made without 
reference to any guiding rules or principles, so that the trial court’s decision to 
admit or exclude evidence falls outside the zone within which reasonable minds 
can differ. Montgomery v. State, 810 S.W.2d 372, 380, 391 (Tex. Crim. App. 
1990).
        The Texas Family Code allows the admission of outcry testimony, as an 
exception to the hearsay rule, in juvenile delinquency cases involving certain 
sexual or assaultive offenses committed against children who are twelve years 
of age or younger. See Tex. Fam. Code Ann. § 54.031(a) (Vernon 2002). The 
outcry statute “applies only to statements that describe the alleged violation 
that . . . were made by the child who is the alleged victim of the violation; . . 
. and were made to the first person, 18 years of age or older, to whom the 
child made a statement about the violation.” Id. § 54.031(b). 
        Appellant objected at trial that the State had failed to present evidence 
that Hammer was the first person to whom A.G. had described the sexual 
assault. Following appellant’s objection, the trial court permitted Hammer to 
refresh her memory regarding the issue by reviewing the videotape made of the 
interview between herself and A.G. Before admitting the substance of A.G.’s 
outcry statement, the trial court heard the following exchange: 
[STATE:] Ms. Hammer, going back to the question we just
asked, you’ve had an opportunity to watch the video, right?
 
[HAMMER:] Yes. 
 
[STATE:] Or portions of it? 
 
[HAMMER:] Yes. 
 
[STATE:] Has that helped you refresh your memory? 
 
[HAMMER:] Yes. 
 
[STATE:] Okay, so did [A.G.] tell you anything about whether 
she had told anyone else about the allegations that she made in the 
videotape?
 
[HAMMER:] Yes, she said she didn’t tell anyone and that she 
didn’t tell her mother. Her mother just saw. 

When A.G. was later called to testify, she offered the following testimony
regarding her outcry: 
[DEFENSE COUNSEL:] Who did you first tell about what
happened?
 
[A.G.:] My momma. Are you talking about like in my family? 
 
[DEFENSE COUNSEL:] Yeah. 
 
[A.G.:] My momma. 
[DEFENSE COUNSEL:] Okay. Who did you tell first outside
the family? 
 
[A.G.:] The police. 

Appellant contends that this later testimony proves that Hammer is not the
proper outcry witness in this case. 
        The trial court did not abuse its discretion in overruling appellant’s 
objection because, at the time it was asked to rule on the admissibility of 
Hammer’s testimony, the only evidence available for consideration established 
A.G. had said she had not told anyone before Hammer about what Appellant 
had done. See Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 
2000) (holding appellate courts must review trial court's ruling in light of the 
evidence before trial court at the time ruling was made). 
              Moreover, the record does not show that A.G. made any statements to 
her mother or police officers that in “some discernible manner describe[d] the 
alleged offense.” Shuster, 852 S.W.2d at 768 (holding that mere allusions or 
allegations that some type of abuse has occurred do not warrant an outcry 
witness designation) (quoting Garcia, 792 S.W.2d at 91); see Green v. State, 
912 S.W.2d 189, 192 (Tex. Crim. App. 1995) (holding cases on appeal are not
to be decided based upon speculative matters not reflected in factual record),
cert. denied, 516 U.S. 1021 (1996).
        On the contrary, A.G.’s mother testified that: (1) A.G. did not say much 
at the time the apparent assault was discovered except that she was innocent; 
(2) A.G. told her nothing had happened; (3) she had reviewed the videotaped 
interview of A.G., and it had provided her with more information than she had 
previously learned from A.G. herself; and (4) after seeing the videotape she 
asked A.G. “why didn’t you tell momma,” to which A.G. had responded, “you 
didn’t ask me.” 
        Similarly, Officer Ordonis explained that his partner spoke with A.G. for 
only “[a] short period of time” and did not conduct an in-depth interview due 
to the “general rule” that patrol officers generally do not take in-depth 
interviews of children. Moreover, after talking to A.G. and her mother, who 
stated she had found A.G. and appellant “in a compromising position” and had 
“stopped them,” Officer Ordonis testified that the officers concluded that no 
penetration had occurred and no rape test was necessary. Thus, this later 
admitted evidence does not show that A.G. provided anything more than mere 
allusions to the event to her mother and the officers. We overrule appellant’s 
first point. 
IV. CONCLUSION
        Having overruled appellant’s points on appeal, we affirm the trial court’s 
judgment. 
 
 
                                                          SAM J. DAY 
                                                          JUSTICE
 
PANEL A:   CAYCE, C.J.; DAY and GARDNER, JJ. 
 
DELIVERED: October 2, 2003