In The Matter of C.D.G.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-304-CV

IN THE MATTER OF C.D.G. 

------------

FROM THE 323
RD
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. I
NTRODUCTION 
 

The trial court adjudicated eleven-year-old appellant C.D.G. delinquent for aggravated sexual assault and placed him on two years’ probation.
  In two points, appellant complains that the charging instrument is fundamentally defective and that the trial court erred by admitting hearsay evidence that did not qualify as outcry testimony.  We affirm. 

II. D
EFECTS
 
IN
 P
ETITION

In his second point, appellant claims that the State's petition is fundamentally defective because it fails to allege that appellant acted with the specific intent “to arouse or gratify the sexual desire of any person” when committing aggravated sexual assault.  The elements of the offense of aggravated sexual assault applicable here are:  a person commits an offense if the person
 (1) intentionally or knowingly (2) causing the anus of a child under the age of fourteen (3) to contact the sexual organ of another person, including the actor.
 
 Tex. Penal Code Ann.
 § 22.021(a)(1)(B)(iv), (a)(2)(B) (Vernon 2003)
.  The specific intent appellant asserts is not a required element of the offense of aggravated sexual assault and need not be alleged.  
Buckner v. State
, 719 S.W.2d 644, 647 (Tex. App.–Fort Worth 1986, pet. ref’d); 
Pierce v. State
, 733 S.W.2d 314, 319 (Tex. App.–Tyler 1987, no pet.).
  We overrule appellant's second point.

III. O
UTCRY
 T
ESTIMONY

In his first point, appellant complains that the trial court erred in admitting the alleged outcry testimony of Mary Hammer, a Child Protective Services Investigator.  Specifically, appellant contends that the trial court erred in determining that Hammer was the outcry witness in this case because the complainant, A.G., spoke to two other witnesses before Hammer.  
The trial court possesses broad discretion in determining who the proper outcry witness is. 
Schuster v. State
, 852 S.W.2d 766, 768 (Tex. App.–Fort Worth 1993, pet. ref’d.) (citing 
Garcia v. State
, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990)).  Moreover, a trial court’s decision regarding an outcry witness is not to be disturbed absent the establishment of a clear abuse of discretion.  
Id. 
 A trial court’s ruling constitutes an abuse of discretion only when it is made without reference to any guiding rules or principles, so that the trial court’s decision to admit or exclude evidence falls outside the zone within which reasonable minds can differ.  
Montgomery v. State
, 810 S.W.2d 372, 380, 391 (Tex. Crim. App. 1990).

The Texas Family Code allows the admission of outcry testimony, as an exception to the hearsay rule, in juvenile delinquency cases involving certain sexual or assaultive offenses committed against children who are twelve years of age or younger. 
 See 
Tex. Fam. Code Ann. 
§ 54.031(a) (Vernon 2002).  
The outcry statute “applies only to statements that describe the alleged violation that . . . were made by the child who is the alleged victim of the violation; . . . and were made to the first person, 18 years of age or older, to whom the child made a statement about the violation.”  
Id.
 § 54.031(b). 

Appellant objected at trial that the State had failed to present evidence that Hammer was the first person to whom A.G. had described the sexual assault.  Following appellant’s objection, the trial court permitted Hammer to refresh her memory regarding the issue by reviewing the videotape made of the interview between herself and A.G.  Before admitting the substance of A.G.’s outcry statement, the trial court heard the following exchange:

[STATE:] Ms. Hammer, going back to the question we just asked, you’ve had an opportunity to watch the video, right?

[HAMMER:] Yes.

[STATE:] Or portions of it?

[HAMMER:] Yes.

[STATE:] Has that helped you refresh your memory?

[HAMMER:] Yes.

[STATE:] Okay, so did [A.G.] tell you anything about whether she had told anyone else about the allegations that she made in the videotape?

[HAMMER:] Yes, she said she didn’t tell anyone and that she didn’t tell her mother. Her mother just saw. 

When A.G. was
 later 
called to testify, she offered the following testimony regarding her outcry:  

[DEFENSE COUNSEL:] Who did you first tell about what happened?

[A.G.:] My momma. Are you talking about like in my family?

[DEFENSE COUNSEL:] Yeah.

[A.G.:] My momma.

[DEFENSE COUNSEL:] Okay. Who did you tell first outside the family? 

[A.G.:] The police. 

Appellant contends that this later testimony proves that Hammer is not the proper outcry witness in this case.  

The trial court did not abuse its discretion in overruling appellant’s objection because, at the time it was asked to rule on the admissibility of Hammer’s testimony, the only evidence available for consideration established A.G. had said she had not told anyone before Hammer about what Appellant had done. 
 See Weatherred v. State
, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000) (holding 
appellate courts must review trial court's ruling in light of the  evidence before trial court at the time ruling was made)
. 

Moreover, the record does not show that A.G. made any statements to her mother or police officers that in “some discernible manner describe[d] the alleged offense.”
 
Shuster
, 852 S.W.2d at 768 (holding that mere allusions or allegations that some type of abuse has occurred do not warrant an outcry witness designation) 
(quoting 
Garcia
, 792 S.W.2d at 91); 
see Green v. State
, 912 S.W.2d 189, 192 (Tex. Crim. App. 1995) (holding cases on appeal are not to be decided based upon speculative matters not reflected in factual record), 
cert. denied
, 516 U.S. 1021 (1996)
.

On the contrary, A.G.’s mother testified that: (1) A.G. did not say much  at the time the apparent assault was discovered except that she was innocent; (2) A.G. told her nothing had happened; (3) she had reviewed the videotaped interview of A.G., and it had provided her with more information than she had previously learned from A.G. herself; and (4) after seeing the videotape she asked A.G. “why didn’t you tell momma,” to which A.G. had responded, “you didn’t ask me.”  

Similarly, Officer Ordonis explained that his partner spoke with A.G. for only “[a] short period of time” and did not conduct an in-depth interview due to the “general rule” that patrol officers generally do not take in-depth interviews of children.  Moreover, after talking to A.G. and her mother, who stated she had found A.G. and appellant “in a compromising position” and had “stopped them,” Officer Ordonis testified that the officers concluded that no penetration had occurred and no rape test was necessary.  Thus, this later admitted evidence does not show that A.G. provided anything more than mere allusions to the event to her mother and the officers.  We overrule appellant’s first point.  

IV. C
ONCLUSION

Having overruled appellant’s points on appeal, we affirm the trial court’s judgment. 

SAM J. DAY

JUSTICE

PANEL A: CAYCE, C.J.; DAY and GARDNER, JJ.

DELIVERED:  October 2, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.