NO. 07-02-0420-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 25, 2004


______________________________



WILLIAM UMPHRES, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 221ST DISTRICT COURT OF MONTGOMERY COUNTY;



NO. 01-03-02060-CR; HON. SUZANNE STOVALL, PRESIDING


________________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 In six issues, appellant William Umphres challenges his two convictions for 
aggravated sexual assault of a child. Two different children were involved. Through his
issues, he contends that 1) he did not open the door to the admission of an extraneous
offense, 2) the trial court erred in admitting evidence of an extraneous offense that occurred
more than 25 years earlier, 3) the trial court erred in failing to instruct the jury on the burden
of proof for admission of extraneous offenses during the punishment phase, 4) the trial
court erred in admitting photographs of the genitalia of the two complainants, 5) the trial
court erred in admitting hearsay testimony of an outcry witness, and 6) he received
ineffective assistance of counsel. We affirm the judgment of the trial court. 

Issues One and Two - Admission of Extraneous Offense


 In his first two issues, appellant complains of the admission into evidence of rebuttal 
testimony from his adult daughter indicating that he had inappropriate sexual contact with
her when she was a child. He contends he never "opened the door" to the admission of
this testimony and that the offense is too remote to qualify for admission. We overrule the
issues.

 Appellant was charged with sexually assaulting two young sisters who were living
or staying next door to him. During appellant's testimony at the guilt/innocence phase of
the trial, he was asked whether he had "any idea why the girls would tell these stories about
you?" He responded by saying: "No, sir, I really don't. I have never had this in my life, and
I am 69 now." By this response, the trial court determined that appellant had "opened the
door" to the testimony by his daughter. 

 On appeal, appellant claims that the statement was "ambiguous and not specific
enough to open the door to the admission of any extraneous offense." [Emphasis in
original]. He also complains that the extraneous offense was too remote in time. However,
neither of those grounds were mentioned at trial. Indeed, from the conversation between
counsel and the trial court after the prosecutor first asked to approach the bench, defense
counsel said, "I know what they are going to say" and "I have also told him not to do it, and
he does." When the matter was again broached during cross-examination of appellant,
defense counsel stated, "I am going to object," and when told by the trial court that the
"door has been opened by that comment," he replied, "[b]y my incompetent client." Again,
nowhere did he posit that the door had not been opened, that the comment was too
ambiguous, or that the extraneous conduct was too remote. Nor can we say that those
grounds were part of or implicit in the general objection actually uttered. Indeed, it appears
that counsel felt the evidence inadmissible because the statement was made by an
incompetent person, not because the door had not been opened. 

 In sum, a party's complaint on appeal must comport with that uttered at trial; when
it does not, then the complaint is waived. Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim.
App.), cert. denied, 502 U.S. 870, 112 S. Ct. 202, 116 L.Ed.2d 162 (1991); Harnett v.
State, 38 S.W.3d 650, 661 (Tex. App.-Austin 2000, pet. ref'd); Brown v. State, 6 S.W.3d
571, 582 (Tex. App.-Tyler 1999, pet. ref'd). Since appellant's complaint on appeal does
not comport with that uttered at trial, he failed to preserve the alleged error. 

Issue Three - Instruction on Extraneous Offense


 Via his third issue, appellant complains that the trial court failed to provide a limiting
instruction with respect to the burden of proof on extraneous offenses during the
punishment phase of the trial. We overrule the issue.

 During the punishment hearing, the State may offer any evidence of an extraneous
crime or bad act that is shown beyond a reasonable doubt to have been committed by the
defendant or for which he could be held criminally responsible. Tex. Code Crim. Proc.
Ann. art. 37.07 §3(a)(1) (Vernon Supp. 2004). Due to art. 37.07 §3(a)(1), the trial court is
obligated to instruct the jury about its need to conclude that the extraneous matter
occurred, beyond reasonable doubt, before it can consider it. Huizar v. State, 12 S.W.3d
479, 483 (Tex. Crim. App. 2000). And, although appellant did not request such an
instruction to be included in the jury charge here, neither a request nor an objection is
necessary to preserve the error. Id. Finally, whether omitting the instruction caused harm
and, therefore, warrants reversal is dependent upon the application of the harmful error
standard enunciated in Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). 
Huizar v. State, 12 S.W.3d at 484. So, given the lack of a request or objection, we must
decide whether the error was so egregious and created such harm that appellant did not
have a fair and impartial trial. Almanza v. State, 686 S.W.2d at 171.

 Though appellant fails to expressly mention the particular extraneous offense in
question, we assume it to be that involving the assault upon his own daughter some 23
years earlier. Furthermore, the evidence first appeared in the guilt/innocence phase of the
trial, and when charging the jury during that phase, the trial court included the instruction
required by art. 37.07 §3(a)(1). So, the jury had been previously informed of the need to
first conclude that appellant committed the offense, beyond reasonable doubt, before
considering it. More importantly, when undergoing cross-examination during the
punishment phase of the proceeding, appellant stated that he was both "sorry" for and
"embarrassed" about what he did to his daughter. That testimony is tantamount to an
admission that he committed the bad act. In other words, the factfinder reasonably could
have concluded that one cannot be sorry for or embarrassed by what he did not do, and
because appellant was sorry and embarrassed, he must have committed the act. Given
these circumstances, we cannot say that the failure to inform the jury that they must first
find that the bad act occurred was so egregious as to have denied appellant a fair and
impartial trial. Thus, reversal of the judgment is not required. 

Issue Four - Admission of Photographs


 Appellant argues in his fourth issue that the trial court should not have permitted the
State to introduce photographs of the genitalia of the two victims. We overrule the issue.

 The photographs were offered into evidence during the testimony of Dr. Sheela
Lahoti, who physically examined both victims for sexual abuse. Photographs were made
of the genitalia of the children with a culpascope which magnifies the area from four to 25
times. The examination of one child showed a deep notch to the vaginal area which was
indicative of penetrating trauma while the examination of the other child revealed no
abnormalities. At trial, appellant objected to the admission of the photographs and
requested that the court conduct a balancing test under Texas Rule of Evidence 403 due
to their prejudicial nature. The trial court overruled the objection.

 Although relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice. Tex. R. Evid. 403. We review the trial court's
admission of the photographs under the standard of abused discretion. Wyatt v. State, 23
S.W.3d 18, 29 (Tex. Crim. App. 2000); Sonnier v. State, 913 S.W.2d 511, 518 (Tex. Crim.
App. 1995). Furthermore, pictures are generally admissible if verbal testimony of the
matters depicted is also admissible, unless their probative value is outweighed by their
prejudicial effect. Ramirez v. State, 815 S.W.2d 636, 647 (Tex. Crim. App. 1991); Potter
v. State, 74 S.W.3d 105, 112 (Tex. App.-Waco 2002, no pet.). Finally, the trial court does
not abuse its discretion in admitting photographs if they will help the jury to understand
verbal testimony such as technical language used by a medical doctor in describing injuries
sustained. Hernandez v. State, 118 S.W.3d 469, 478 (Tex. App.- Eastland 2003, pet.
ref'd). 

 Two photographs of each child were admitted. They were taken from different
positions. Though one could find them and the mode by which they were obtained
distasteful, the photographs were not in and of themselves gruesome. Rather, they had
a clinical appearance. So too did they actually serve a medical purpose since they helped 
explain and illustrate the doctor's findings, i.e. that one child suffered "penetrative vaginal
trauma." Moreover, while the pictures of the one victim did not indicate any abnormalities,
they nonetheless could have been utilized by the jury for comparison purposes, that is, as
visual assistance in illustrating and perceiving the trauma suffered by the other child. Next,
in view of the nature of the trauma being investigated and the relatively small size of the
genitalia subjected to it as a result of vaginal penetration, a legitimate reason existed to
enlarge the photographs. Under these circumstances, the trial court's decision to overrule
the Rule 403 objection and admit the pictures fell within the zone of reasonable
disagreement and, therefore, did not constitute an instance of abused discretion. See
Wyatt v. State, 23 S.W.3d at 29-30 (holding that two autopsy photos showing blood at the
opening of the victim's anus were not particularly offensive and did no more than portray
the nature of the injuries inflicted); Ashcraft v. State, 918 S.W.2d 648, 656 (Tex. App.-
Waco 1996, pet. ref'd) (holding that a photograph of the victim's vagina was not of the type
to shock or horrify the jury, had probative value, and had a benign tendency to present a
danger of unfair prejudice). 


Issue Five - Outcry Witness


 In his fifth issue, appellant argues that the trial court erred in allowing Nicole
Pizzoferrato, the victims' stepmother, to testify as the outcry witness. We overrule the
issue.

 A statement that describes the alleged offense of aggravated sexual assault made
by a child against whom the offense was allegedly committed to the first person over 18
years of age, other than the defendant, is not inadmissible because of the hearsay rule. 
Tex. Code Crim. Proc. Ann. art. 38.072 §2 (Vernon Supp. 2004). Appellant's complaint
here is that Pizzoferrato was not the first person to whom one of the children made an
outcry statement. It is undisputed that the child first told Mary Ann Benson that appellant
had "touched" her. However, according to the record, the description of the "touching" or 
assault were not imparted by the child until Pizzoferrato began questioning her. Given this,
it fell within the realm of reasonable disagreement for the trial court to hold that the
comment to Benson about simply being "touched" did not make Benson the outcry witness. 
Schuster v. State, 852 S.W.2d 766, 768 (Tex. App.-Fort Worth 1993, pet. ref'd) (holding
that simply because the victim told the first adult that she was "touched" did not make the
first adult the outcry witness); accord Garcia v. State, 792 S.W.2d 88, 91-92 (Tex. Crim.
App. 1990) (holding that a Child Protective Services worker was the proper outcry witness
when the complainant told her teacher only that something had happened at home relating
to child abuse); Josey v. State, 97 S.W.3d 687, 693 (Tex. App.-Texarkana 2003, no pet.)
(holding that to qualify as an outcry witness, the child must describe the alleged offense in
some discernable way and must do more than generally insinuate that sexual abuse has
occurred). 

 Nevertheless, appellant argues that because Benson was also present when the
child described the details of the alleged offense, she was the proper outcry witness. 
However, Pizzoferrato testified that she (Pizzoferrato) was the one who asked the child
questions which elicited the details of the offense. And, she allegedly did so because
Benson was "too upset." Under these circumstances, the State could have chosen either
person as the proper outcry witness, and the court did not abuse its discretion in allowing
Pizzoferrato to testify as such. Yebio v. State, 87 S.W.3d 193, 198 (Tex. App.-Texarkana
2002, pet. ref'd).

Issue Six - Ineffective Assistance


 In his final issue, appellant contends he received ineffective assistance of counsel
because his counsel 1) failed to clearly object to the extraneous offense (assaulting
appellant's daughter) during the guilt/innocence phase of the trial, 2) failed to object to the
extraneous offense during the punishment phase, 3) failed to object to the remoteness of
the extraneous offense, 4) failed to object that the extraneous offense was offered to show
"character conformity," 5) failed to request a "Montgomery" hearing once the extraneous
offense was admitted, 6) failed to request a balancing test to determine if the extraneous
offense was admissible, 7) failed to request a limiting instruction in the charge or when the
extraneous offense was admitted into evidence, and 8) failed to make a proper objection
under Montgomery v. State, 810 S.W.2d 372 (Tex. Crim. App. 1991). We overrule the
issue.

 Assuming arguendo that the instances mentioned evinced less than reasonable
conduct on the part of counsel, nowhere does appellant attempt to explain or show how
there existed a reasonable probability that but for the alleged mistakes the outcome would
have differed. See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (stating that
the appellant has the burden to prove deficient conduct and a reasonable probability that
but for the conduct the result would have differed). Instead, he opines that the "admission
of the extraneous offense was absolutely critical" and that it was "the 'gasoline' thrown on
the fire that resulted in showing that [appellant] may have committed these acts all of his
life and certainly as far back as 1977." Yet, nothing is said about how this "gasoline" made
the fire any more destructive than the "gasoline" appearing in the form of evidence
illustrating how he sexually molested his two neighbor children. Indeed, the quantum or
quality of that evidence goes unquestioned by appellant. Nor does he cite us to anything
of record suggesting, much less proving, that the jury would have assessed a lesser
sentence for sexually imposing himself on the two female children had his counsel sought
harder to have (or succeeded in having) the extraneous evidence excluded. In short, his
conclusions about the extraneous offense being "absolutely critical" and "'gasoline' thrown
on the fire" are just that, conclusions. And, without attempting to prove the effect, if any,
the extraneous evidence had upon the verdict and sentence, appellant cannot, and did not,
carry his burden of proof. Ladd v. State, 3 S.W.3d 547, 570 (Tex. Crim. App. 1999), cert.
denied, 529 U.S. 1070, 120 S.Ct. 1680, 146 L.Ed.2d 487 (2000) (rejecting the claim of
ineffective assistance because "appellant . . . made no effort to prove the prejudice prong
of the Strickland test"). 

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Justice

 

Do not publish.