

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00168-CR

JACAB AUSTIN BRITT                                    APPELLANT

V.

THE STATE OF TEXAS                                        STATE

----------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY
TRIAL COURT NO. CR16-00091

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jacab Austin Britt appeals from his conviction for aggravated sexual assault of a child younger than six years of age and from the resulting forty-year sentence. In a single issue, he asserts that the trial court abused its discretion by admitting cumulative outcry testimony. Because either the trial

---

[1]*See* Tex. R. App. P. 47.4.

court did not abuse its discretion or any error was harmless based on the admission of similar evidence elsewhere, we affirm the trial court's judgment.

In mid-December 2015, four-year-old Megan Smith[2] told her stepmother that "her tee tee was hurting" and was red, making an unspecified outcry statement and naming her mother's boyfriend—Britt. Megan's stepmother called the police, who sent Megan to a sexual-assault nurse examiner for a physical exam. Megan told the nurse examiner that Britt had put his fingers between her legs, which the nurse examiner contemporaneously wrote down:

> I was in the bathtub and I was red on my tee tee—points to between legs. Says and this is my butt—points to behind her on butt. [Britt] did this and says I was trying to put my clothes on and he wouldn't let me. He did this and says he put his fingers here—points between legs and it really hurt. I told him to stop but he wouldn't listen. He kept doing it. He asked me if he could touch my tee tee—I said no & he didn't listen. It was his fingers—I had no clothes on.

During the nurse examiner's physical exam, she noted that Megan had "bright red irritated skin on [her] labia majora[] bilaterally." The nurse examiner later explained that the bright redness was on the inside portion of Megan's labia majora, which could have been caused by sexual abuse, "rubbing of panties, detergent changes, bubble bath, . . . a number of things." After the sexual-assault exam was completed, the police sent Megan to speak with a forensic interviewer. Megan told the forensic interviewer that Britt "put his finger inside her tee tee, and tapped it inside her tee tee" in the bathtub at her mother's house.

---

[2]We use fictitious names to refer to the complainant and her family members to protect her identity. *See* Tex. R. App. P. 9.8 & cmt., 9.10.

Megan stated that "it felt bad and that it hurt her tee tee on the inside." The forensic interviewer determined that Megan was referring to her vagina by using the words "tee tee."

A grand jury indicted Britt with the first-degree felony offense of intentionally or knowingly causing the penetration of Megan's vagina with his finger. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (a)(2)(B), (e), (f)(1) (West Supp. 2017). At trial, the nurse examiner read her written report to the jury, but incorrectly read "he put his fingers *in* here" instead of "he put his fingers here" as written in the report. The nurse examiner's contemporaneous, written report was admitted into evidence. The forensic interviewer later testified (over Britt's hearsay objection that the interviewer was not the proper outcry witness) that Megan stated Britt put his finger inside her "tee tee." Megan, who was almost six at the time of the trial, briefly testified and "nod[ded] affirmatively" when asked if she had told her therapist "about some things that . . . people have done to you." But she nodded her head "negatively" when asked if she had "ever told people about somebody touching you in a bad place" or if she knew Britt. The jury found Britt guilty of aggravated sexual assault of a child younger than six and assessed his punishment at forty years' confinement.

On appeal, Britt asserts that the trial court abused its discretion by allowing the forensic interviewer to testify to Megan's interview statements because the nurse examiner had already testified to the same facts and had been the appropriate outcry witness. *See generally* Tex. Code Crim. Proc. Ann. art.

3

38.072, § 2 (West Supp. 2017) (allowing admission of hearsay, outcry statement under specific guidelines). Britt is correct that we review the trial court's admission of Megan's outcry statements to the forensic interviewer for an abuse of discretion. *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); *Schuster v. State*, 852 S.W.2d 766, 768 (Tex. App.—Fort Worth 1993, pet. ref'd). But we conclude that the trial court did not abuse its broad discretion.

The forensic interviewer was the initial person to whom Megan described the indicted offense of aggravated sexual assault by penetration; therefore, the interviewer's testimony was admissible under article 38.072. *See* Tex. Code Crim. Proc. Ann. art. 38.072, § 2(a)(1)(A). Megan's earlier statement to the nurse examiner revealed only sexual contact and did not clearly allege penetration. We recognize that the nurse examiner incorrectly read the word "in" into her report; but, this merely reinforces that Megan's statements to the nurse examiner were, at best, unclear on the issue of penetration, which was the alleged offense. *Cf. Shaw v. State*, 329 S.W.3d 645, 653 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (recognizing statement that raised inference of penetration did not clearly describe alleged offense of sexual assault by penetration under article 38.072, section 2(a)(1)(A)). In admitting the forensic interviewer's testimony under article 38.072, the trial court recognized that the nurse examiner did not include penetration in her written report, while Megan consistently told the forensic interviewer that Britt penetrated her vagina with his finger. Accordingly, the trial court did not abuse its discretion by allowing the

4

forensic interviewer to testify because Megan's first clear outcry regarding penetration was to the forensic interviewer. *See Garcia*, 792 S.W.2d at 91; *Ruedas v. State*, No. 11-13-00049-CR, 2015 WL 9584002, at *4 (Tex. App.—Eastland Dec. 31, 2015, pet. ref'd) (mem. op., not designated for publication); *Josey v. State*, 97 S.W.3d 687, 693 (Tex. App.—Texarkana 2003, no pet.).

But even if the forensic interviewer was not the proper outcry witness under article 38.072, rendering her testimony inadmissible hearsay, the admission of her testimony did not affect Britt's substantial rights and must be disregarded. *See* Tex. R. App. P. 44.2(b). Megan's counselor testified that Megan reported that Britt "touched her tee tee and that it hurt." Britt did not object to the counselor's testimony. And Britt does not argue that the nurse examiner's similar testimony was erroneously admitted. Because similar evidence to the forensic examiner's testimony either was not objected to or was not erroneously admitted, we would be compelled to conclude that any error in the admission of the forensic interviewer's cumulative testimony was harmless. *See Anderson v. State*, 717 S.W.2d 622, 627 (Tex. Crim. App. 1986); *Couchman v. State*, 3 S.W.3d 155, 160–61 (Tex. App.—Fort Worth 1999, pet. ref'd).

Accordingly, we overrule Britt's issue and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  GABRIEL, KERR, and PITTMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 24, 2018