COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                NO.
 2-08-478-CR

 

 

JAIME FERNANDEZ HERNANDEZ                                                     APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

              FROM THE 297TH
DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I.  Introduction

Appellant Jaime Fernandez Hernandez
appeals his conviction for aggravated sexual assault of a child.  In his sole point, Appellant asserts the
trial court erred by permitting two outcry witnesses to testify about the same
charged offense.  We affirm.








II.  Background

Appellant pleaded not guilty to three
counts of aggravated sexual assault of a child. 
The first count alleged that Appellant Aintentionally or knowingly cause[d] the penetration of the
mouth of [Y.M.], a child younger than 14 years of age who was not the spouse of
[Appellant], with the sexual organ of said [Appellant].@ 
The third count alleged that Appellant Aintentionally or knowingly cause[d] the sexual organ of
[Y.M.], a child younger than 14 years of age who was not the spouse of
[Appellant], to contact the mouth of the [Appellant].@[2] 

During trial, Melissa Harrell
testified that Y.M., an eight-year-old female who lived in Harrell=s trailer park, told her that
Appellant, Y.M.=s step-grandfather, claimed to be
sick in his private area and made her Asuck the sickness out.@  Harrell also
testified that, according to Y.M., Appellant threatened to tell Y.M.=s mother that Y.M. was watching
pornographic movies[3]
if she didn=t help him and that these incidents
occurred in her bedroom of the trailer and in the trailer park=s laundry room.








CPS Investigator Peggy Vera testified
that during a May 2, 2006 interview, Y.M. said Appellant made her watch
pornographic videos, touch or hold his penis, perform oral sex on him, and lick
his private area.  Vera testified that
Y.M. stated these events occurred in Y.M.=s bedroom, Appellant=s bedroom, and in the laundry room.  Vera also testified that Y.M. described how
Appellant touched Y.M.=s vagina with his hand, mouth, and
penis more than once in Appellant=s bedroom and in the laundry room.

A jury found Appellant guilty of the
first and third counts of the indictment and sentenced him to consecutive
fifteen-year terms of confinement in the Texas Department of Criminal Justice=s Institutional Division.

III.  Analysis

In his sole point, Appellant asserts
Vera=s testimony constituted inadmissible
hearsay.  He claims that the trial court erred
by permitting a second outcry witness to provide repetitive testimony of the
first outcry witness regarding the first count of the indictment.  See Tex. Code Crim. Proc. Ann. art.
38.072 (Vernon Supp. 2009).  To the
extent Vera=s testimony repeated Harrell=s testimony, the State argues
Appellant failed to preserve this error by not objecting during Vera=s testimony.  We, therefore, begin our analysis by
determining whether Appellant properly preserved alleged error at trial.

A. 
Appellant Failed To Preserve Error








To preserve error in admitting
evidence, a party must make a proper objection and obtain a ruling on that
objection.  Tex. R. App. P. 33.1; see
Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g); Bailey v. State, No.
13-05-00721-CR, 2007 WL 2459893, at *2 (Tex. App.CCorpus Christi Aug. 30, 2007, no pet.) (mem. op., not
designated for publication) (holding that defendant failed to preserve error
when he failed to object to the State=s failure to comply with the requirements of article
38.072).  In addition, a party must
object each time the inadmissible evidence is offered or obtain a running
objection.  Valle v. State, 109
S.W.3d 500, 509 (Tex. Crim. App. 2003); Castillo v. State, No.
04-06-00384-CR, 2007 WL 1752149, at *2 (Tex. App.CSan Antonio June 20, 2007, no pet.) (mem. op., not designated
for publication) (applying rule 33.1 to a defendant=s failure to object to State=s designation of an outcry witness
during direct examination).








The record reveals that in a hearing
outside the presence of the jury, and before Vera took the witness stand,
Appellant objected to Vera testifying as a second outcry witnessCspecifically, Ato any statements [by Vera] that
overlap with what was already presented [by Harrell].@ 
After reviewing case law and Vera=s affidavit, the trial court overruled Appellant=s objection and stated, A[T]he court [will] permit testimony
concerning different matters that were not related to the first outcry witness@ and Apermit the State to elicit details of the instances
summarized in [Vera=s] affidavit.@ 
The record reflects that on three separate occasions during Vera=s direct examination, Y.M.=s out-of-court statements regarding
performing oral sex on AppellantCthe offense charged in the first count of the indictment and
the event about which Harrell testifiedCcame into evidence without Appellant=s objection.[4]  The record does not show Appellant preserved
error by objecting, or requesting a running objection, each time Vera testified
to Y.M.=s out-of-court statements concerning events
alleged in the first count of the indictment.[5]  See Mosley, 983 S.W.2d at 265; Valle,
109 S.W.3d at 509.  Thus, we conclude
Appellant failed to preserve this point and cannot now complain about Vera
testifying to the charged offense in the first count of the indictment.  See Valle, 109 S.W.3d at
509.         B.  Multiple Outcry Witnesses May Testify To
Different Acts Of Abuse








Even if Appellant properly preserved
error, he would not prevail.  Article
38.072 of the Texas Code of Criminal Procedure allows the admission of certain
otherwise inadmissible hearsay in the prosecution of offenses committed against
children fourteen years and younger if all requisite conditions are met.[6]  See Tex. Code Crim. Proc. Ann. art.
38.072, ' 2(a). Hearsay is a statement,
other than one made by the declarant while testifying at the trial or hearing,
offered in evidence to prove the truth of the matter asserted.  Tex. R. Evid. 801(d).  Hearsay is inadmissible except as provided by
statute or by the rules of evidence. 
Tex. R. Evid. 802.  The statute
allows the first person over the age of eighteen, other than the defendant, to
whom the child described the offense to testify about the statement the child
made.  Tex. Code Crim. Proc. Ann. art.
38.072 ' 2(a); West v. State, 121
S.W.3d 95, 104 (Tex. App.CFort Worth 2003, pet. ref=d). 
To qualify as an outcry statement under article 38.072, the statement
must be more than a general allusion of sexual abuse and the child must have
described the alleged offense in some discernible way.  Reyes v. State, 274 S.W.3d 724, 727
(Tex. App.CSan Antonio 2008, pet. ref=d) (citing Garcia, 792 S.W.2d
at 91).  Basically, the proper outcry
witness is the first adult to whom the child shares the Ahow, when, and where@ of the assault.  Id. at 727B28 (holding trial court did not abuse
its discretion by permitting outcry testimony from multiple witnesses when
State confined its examination of first witness to what she asked the victim
and allowed the second witness to testify to the specifics of the sexual
assault).

An outcry witness is not
person-specific, but event-specific.  West,
121 S.W.3d at 104.  Thus, multiple outcry
witnesses can testify about different instances of abuse committed by a
defendant against the child.  Josey v.
State, 97 S.W.3d 687, 693 (Tex. App.CTexarkana 2003, no pet.). 
However, before more than one outcry witness may testify, each outcry
must be about different events and not simply a repetition of the same event as
related by the victim to different individuals. 
West, 121 S.W.3d at 104. 
But there may be only one outcry witness to the victim=s statement about a single
event.  Id.; see also Thomas v.
State, 1 S.W.3d 138, 142 (Tex. App.CTexarkana 1999, pet. ref=d).








In Josey, the court of appeals
held that the trial court did not abuse its discretion by admitting the
testimony of the second outcry witness.  Josey,
97 S.W.3d at 693.  The victim first told
his mother about being made to put Josey=s penis in the victim=s mouth and about being Afingered.@ 
Id.  The victim went into
explicit detail with his mother about the act of oral contact but gave no
details about being Afingered.@ 
Id.  Two days later,
however, the victim provided, for the first time, details about being Afingered@ during an interview with a forensic
interviewer.  Id.  The court of appeals concluded the victim=s first outcry regarding digital
penetration did not occur until the interview. 
Id.; Cf. Schuster v. State, 852 S.W.2d 766, 768 (Tex.App.CFort Worth 1993, pet. ref'd) (holding
psychologist was proper outcry witness even though complainant told mother
first, but child was so upset that no details were provided).








Here, Appellant contends that Vera=s statement simply expands on Harrell=s testimony regarding Y.M. performing
oral sex on Appellant and adds nothing substantially different.  Hence, Appellant contends that Vera should
not have been allowed to testify about Y.M.=s outcry to her. 
However, Y.M.=s outcry to Vera alleged the
commission of additional instances of abuse; specifically, Appellant made Y.M.
touch or hold his penis,  lick his
private area, and perform oral sex on him in more locationsCand more oftenCthan Y.M. disclosed to Harrell.  Therefore, similar to the facts in Josey,
Vera=s statement can be classified as an
outcry witness statement and is admissible under article 38.072 because Y.M.=s outcry regarding the additional
instances of sexual abuse did not occur until Vera=s interview.  See Josey, 97 S.W.3d at
693.  Moreoever, in compliance with
section 2(a) of article 38.072 of the code of criminal procedure, the State
gave Appellant notice of its intent to use both Harrell and Vera as outcry
witnesses more than fourteen days prior to trial, the State provided Appellant=s trial counsel a written summary of
the statements, and Y.M. was available and testified during the trial.  See Tex. Code Crim. Proc. Ann. art.
38.072.  Thus, had Appellant preserved
this issue for appellate review, we conclude the trial court did not abuse its
discretion by permitting Vera to testify as a second outcry witness. 

Having concluded that Appellant
failed to preserve alleged error and, alternatively, that the trial court did
not err in permitting Vera to testify as a second outcry witness, we overrule
Appellant=s sole point.

IV.  Conclusion

Having overruled Appellant=s sole point, we affirm the ruling of
the trial court.

 

 

ANNE
GARDNER

JUSTICE

 

PANEL:  GARDNER, MCCOY, and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P.
47.2(b)

 

DELIVERED: May 6,
2010











[1]See Tex. R.
App. P. 47.4.





[2]The State dropped the second count of the indictment
during trial.





[3]Harrell testified that Y.M. said Appellant placed a
pornographic video in the television in Y.M.=s bedroom.





[4]Appellant=s only objection during Vera=s
testimony arose when the State asked Vera if she believed Y.M. and if she
thought Y.M.=s allegations were true.





[5]In fact, a review of the record reveals that on
cross-examination, Vera answered numerous questions posed by Appellant
regarding the first count of the indictment.





[6]A trial court=s determination as to admissibility of the testimony
of an outcry witness is subject to review for abuse of discretion.  See Garcia v. State, 792 S.W.2d 88, 92
(Tex. Crim. App. 1990).  The exercise of
that discretion will not be disturbed unless a clear abuse of that discretion
is established by the record.  Id.;
see also Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)
(stating that trial court abuses its discretion when its ruling is outside  the Azone of reasonable disagreement@).