

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-478-CR

JAIME FERNANDEZ HERNANDEZ                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

Appellant Jaime Fernandez Hernandez appeals his conviction for aggravated sexual assault of a child. In his sole point, Appellant asserts the trial court erred by permitting two outcry witnesses to testify about the same charged offense. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II.  Background

Appellant pleaded not guilty to three counts of aggravated sexual assault of a child.  The first count alleged that Appellant "intentionally or knowingly cause[d] the penetration of the mouth of [Y.M.], a child younger than 14 years of age who was not the spouse of [Appellant], with the sexual organ of said [Appellant]."  The third count alleged that Appellant "intentionally or knowingly cause[d] the sexual organ of [Y.M.], a child younger than 14 years of age who was not the spouse of [Appellant], to contact the mouth of the [Appellant]."[2]

During trial, Melissa Harrell testified that Y.M., an eight-year-old female who lived in Harrell's trailer park, told her that Appellant, Y.M.'s step-grandfather, claimed to be sick in his private area and made her "suck the sickness out."  Harrell also testified that, according to Y.M., Appellant threatened to tell Y.M.'s mother that Y.M. was watching pornographic movies[3] if she didn't help him and that these incidents occurred in her bedroom of the trailer and in the trailer park's laundry room.

CPS Investigator Peggy Vera testified that during a May 2, 2006 interview, Y.M. said Appellant made her watch pornographic videos, touch or hold his penis, perform oral sex on him, and lick his private area.  Vera testified that Y.M. stated these events occurred in Y.M.'s bedroom, Appellant's bedroom, and in the laundry room.  Vera also testified that Y.M. described how Appellant touched Y.M.'s vagina

---

[2] The State dropped the second count of the indictment during trial.

[3] Harrell testified that Y.M. said Appellant placed a pornographic video in the television in Y.M.'s bedroom.

2

with his hand, mouth, and penis more than once in Appellant's bedroom and in the laundry room.

A jury found Appellant guilty of the first and third counts of the indictment and sentenced him to consecutive fifteen-year terms of confinement in the Texas Department of Criminal Justice's Institutional Division.

## III.  Analysis

In his sole point, Appellant asserts Vera's testimony constituted inadmissible hearsay.  He claims that the trial court erred by permitting a second outcry witness to provide repetitive testimony of the first outcry witness regarding the first count of the indictment.  *See* Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon Supp. 2009). To the extent Vera's testimony repeated Harrell's testimony, the State argues Appellant failed to preserve this error by not objecting during Vera's testimony.  We, therefore, begin our analysis by determining whether Appellant properly preserved alleged error at trial.

### A.  Appellant Failed To Preserve Error

To preserve error in admitting evidence, a party must make a proper objection and obtain a ruling on that objection.  Tex. R. App. P. 33.1; *see Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g); *Bailey v. State*, No. 13-05-00721-CR, 2007 WL 2459893, at *2 (Tex. App.—Corpus Christi Aug. 30, 2007, no pet.) (mem. op., not designated for publication) (holding that defendant failed to preserve error when he failed to object to the State's failure to comply with the requirements of article 38.072).  In addition, a party must object each time the

3

inadmissible evidence is offered or obtain a running objection. *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); *Castillo v. State*, No. 04-06-00384-CR, 2007 WL 1752149, at *2 (Tex. App.—San Antonio June 20, 2007, no pet.) (mem. op., not designated for publication) (applying rule 33.1 to a defendant's failure to object to State's designation of an outcry witness during direct examination).

The record reveals that in a hearing outside the presence of the jury, and before Vera took the witness stand, Appellant objected to Vera testifying as a second outcry witness—specifically, "to any statements [by Vera] that overlap with what was already presented [by Harrell]." After reviewing case law and Vera's affidavit, the trial court overruled Appellant's objection and stated, "[T]he court [will] permit testimony concerning different matters that were not related to the first outcry witness" and "permit the State to elicit details of the instances summarized in [Vera's] affidavit." The record reflects that on three separate occasions during Vera's direct examination, Y.M.'s out-of-court statements regarding performing oral sex on Appellant—the offense charged in the first count of the indictment and the event about which Harrell testified—came into evidence without Appellant's objection.[4] The record does not show Appellant preserved error by objecting, or requesting a running objection, each time Vera testified to Y.M.'s out-of-court statements concerning events alleged in the first count of the indictment.[5] *See*

---

[4] Appellant's only objection during Vera's testimony arose when the State asked Vera if she believed Y.M. and if she thought Y.M.'s allegations were true.

[5] In fact, a review of the record reveals that on cross-examination, Vera answered numerous questions posed by Appellant regarding the first count of the

4

*Mosley*, 983 S.W.2d at 265; *Valle*, 109 S.W.3d at 509. Thus, we conclude Appellant failed to preserve this point and cannot now complain about Vera testifying to the charged offense in the first count of the indictment. *See Valle*, 109 S.W.3d at 509.

### B. Multiple Outcry Witnesses May Testify To Different Acts Of Abuse

Even if Appellant properly preserved error, he would not prevail. Article 38.072 of the Texas Code of Criminal Procedure allows the admission of certain otherwise inadmissible hearsay in the prosecution of offenses committed against children fourteen years and younger if all requisite conditions are met.[6] *See* Tex. Code Crim. Proc. Ann. art. 38.072, § 2(a). Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). Hearsay is inadmissible except as provided by statute or by the rules of evidence. Tex. R. Evid. 802. The statute allows the first person over the age of eighteen, other than the defendant, to whom the child described the offense to testify about the statement the child made. Tex. Code Crim. Proc. Ann. art. 38.072 § 2(a); *West v. State*, 121 S.W.3d 95, 104 (Tex. App.—Fort Worth 2003, pet. ref'd). To qualify as an outcry statement under article 38.072, the statement must be more than a general allusion of sexual abuse

indictment.

[6] A trial court's determination as to admissibility of the testimony of an outcry witness is subject to review for abuse of discretion. *See Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990). The exercise of that discretion will not be disturbed unless a clear abuse of that discretion is established by the record. *Id.*; *see also Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (stating that trial court abuses its discretion when its ruling is outside the "zone of reasonable disagreement").

and the child must have described the alleged offense in some discernible way. *Reyes v. State*, 274 S.W.3d 724, 727 (Tex. App.—San Antonio 2008, pet. ref'd) (citing *Garcia*, 792 S.W.2d at 91). Basically, the proper outcry witness is the first adult to whom the child shares the "how, when, and where" of the assault. *Id.* at 727–28 (holding trial court did not abuse its discretion by permitting outcry testimony from multiple witnesses when State confined its examination of first witness to what she asked the victim and allowed the second witness to testify to the specifics of the sexual assault).

An outcry witness is not person-specific, but event-specific. *West*, 121 S.W.3d at 104. Thus, multiple outcry witnesses can testify about different instances of abuse committed by a defendant against the child. *Josey v. State*, 97 S.W.3d 687, 693 (Tex. App.—Texarkana 2003, no pet.). However, before more than one outcry witness may testify, each outcry must be about different events and not simply a repetition of the same event as related by the victim to different individuals. *West*, 121 S.W.3d at 104. But there may be only one outcry witness to the victim's statement about a single event. *Id.*; *see also Thomas v. State*, 1 S.W.3d 138, 142 (Tex. App.—Texarkana 1999, pet. ref'd).

In *Josey*, the court of appeals held that the trial court did not abuse its discretion by admitting the testimony of the second outcry witness. *Josey*, 97 S.W.3d at 693. The victim first told his mother about being made to put Josey's penis in the victim's mouth and about being "fingered." *Id.* The victim went into explicit detail with his mother about the act of oral contact but gave no details about

6

being "fingered." *Id.* Two days later, however, the victim provided, for the first time, details about being "fingered" during an interview with a forensic interviewer. *Id.* The court of appeals concluded the victim's first outcry regarding digital penetration did not occur until the interview. *Id.*; *Cf. Schuster v. State*, 852 S.W.2d 766, 768 (Tex.App.—Fort Worth 1993, pet. ref'd) (holding psychologist was proper outcry witness even though complainant told mother first, but child was so upset that no details were provided).

Here, Appellant contends that Vera's statement simply expands on Harrell's testimony regarding Y.M. performing oral sex on Appellant and adds nothing substantially different. Hence, Appellant contends that Vera should not have been allowed to testify about Y.M.'s outcry to her. However, Y.M.'s outcry to Vera alleged the commission of additional instances of abuse; specifically, Appellant made Y.M. touch or hold his penis, lick his private area, and perform oral sex on him in more locations—and more often—than Y.M. disclosed to Harrell. Therefore, similar to the facts in *Josey*, Vera's statement can be classified as an outcry witness statement and is admissible under article 38.072 because Y.M.'s outcry regarding the additional instances of sexual abuse did not occur until Vera's interview. *See Josey*, 97 S.W.3d at 693. Moreoever, in compliance with section 2(a) of article 38.072 of the code of criminal procedure, the State gave Appellant notice of its intent to use both Harrell and Vera as outcry witnesses more than fourteen days prior to trial, the State provided Appellant's trial counsel a written summary of the statements, and Y.M. was available and testified during the trial. *See* Tex. Code Crim. Proc. Ann. art.

7

38.072. Thus, had Appellant preserved this issue for appellate review, we conclude the trial court did not abuse its discretion by permitting Vera to testify as a second outcry witness.

Having concluded that Appellant failed to preserve alleged error and, alternatively, that the trial court did not err in permitting Vera to testify as a second outcry witness, we overrule Appellant's sole point.

## IV. Conclusion

Having overruled Appellant's sole point, we affirm the ruling of the trial court.


ANNE GARDNER
JUSTICE

PANEL:  GARDNER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 6, 2010